UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GNANA CHINNIAH a/k/a GNANACHANDRA M. CHINNIAH,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>FEDERAL ENERGY REGULATORY COMMISSION, JOHN SPAIN, and PRAPA HARAN,<br><br>                              Defendants. | 18 Civ. 8261 (VSB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.levine@usdoj.gov

DANIELLE J. LEVINE
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.     UNDER NO CIRCUMSTANCES MAY PLAINTIFF BRING HIS WPA CLAIM IN DISTRICT COURT ............................................................................................... 2

II.    THE CSRA PRECLUDES PLAINTIFF'S *BIVENS* CLAIMS ........................................... 5

CONCLUSION ..................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bonds v. Leavitt*,
    629 F.3d 369 (4th Cir. 2011) ................................................................................................... 3

*Dotson v. Griesa*,
    398 F.3d 156 (2d Cir. 2005)................................................................................................. 2, 5

*Elgin v. Dep't of Treasury*,
    567 U.S. 1 (2012)..................................................................................................................... 2

*Ghaly v. U.S. Dep't of Agriculture*,
    228 F. Supp. 2d 283 (S.D.N.Y. 2002).................................................................................. 2, 3

*Jarvis v. Cardillo*,
    98 Civ. 5793 (RWS), 1999 WL 187205 (S.D.N.Y. Apr. 6, 1999) ........................................... 5

*Kerr v. Jewell*,
    836 F.3d 1048 (9th Cir. 2016) ......................................................................................... 3, 4, 5

*Richards v. Kiernan*,
    461 F.3d 880 (7th Cir. 2006) ................................................................................................... 5

*Sarullo v. U.S. Postal Service*,
    352 F.3d 789 (3d Cir. 2003)..................................................................................................... 5

*Schweiker v. Chilicky*,
    487 U.S. 412 (1988)................................................................................................................. 5

*Stella v. Mineta*,
    284 F.3d 135 (D.C. Cir. 2002) ................................................................................................. 4

*Thunder Basin Coal Co. v. Reich*,
    510 U.S. 200 (1994)............................................................................................................. 2, 4

*Ugarte v. Johnson*,
    40 F. Supp. 2d 178 (S.D.N.Y. 1999).............................................................................. 2, 3, 4

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982)................................................................................................................. 4

Defendants, by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint.[1]

## PRELIMINARY STATEMENT

The law is clear that the CSRA provides the exclusive mechanism through which federal civil servants can challenge prohibited retaliatory personnel practices, precluding a plaintiff from bypassing the CSRA's comprehensive statutory scheme through extrastatutory review in district court. Yet, Plaintiff asks this Court to make an exception for him and cast aside binding Supreme Court and Second Circuit authority, to permit him to bring his WPA, *Bivens* and common law tort claims challenging alleged retaliatory personnel practices in district court.[2] Plaintiff provides no authority for his position because he cannot. Although Plaintiff may not believe that the CSRA provides him with an adequate remedy, Plaintiff's dissatisfaction with the statutory scheme's method of redress for alleged whistleblowers does not confer jurisdiction on this Court to hear his claims. Whether framed as a claim under the WPA, a First Amendment violation, or a common law tort, the CSRA unquestionably precludes Plaintiff from bringing his action in this Court. For Plaintiff to bring his claim of whistleblower retaliation, he was required to raise it with the OSC, and then appeal, if at all, to the MSPB. Only after exhausting those administrative remedies, could he seek judicial review in the Court of Appeals for the Federal Circuit. He may not, under any circumstances, skirt the CSRA's comprehensive statutory scheme and bring his claims in this Court.

---

[1] Unless otherwise noted, all defined terms have the same meaning as in Defendants' opening brief ("Defs. Br.").

[2] In Plaintiff's opposition brief, Plaintiff does not challenge Defendants' argument that the CSRA precludes Plaintiff's common law tort claims, so Defendants do not readdress that argument on reply.

For all of these reasons, and as set forth in greater detail in Defendants' opening brief and below, Plaintiff's Amended Complaint should be dismissed in its entirety.

## ARGUMENT

### I. UNDER NO CIRCUMSTANCES MAY PLAINTIFF BRING HIS WPA CLAIM IN DISTRICT COURT

The Supreme Court has repeatedly held that district courts lack jurisdiction over suits, like this one, that attempt to bypass an exclusive remedial scheme established by Congress. *See, e.g.*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 216 (1994). As the Supreme Court explained in *Elgin v. Department of Treasury*, a statutory scheme precludes district court jurisdiction when "it is 'fairly discernable' from the [statute] that Congress intended covered employees appealing covered agency actions to proceed exclusively through the statutory review scheme." 567 U.S. 1, 10 (2012). In *Elgin*, the Court concluded that the CSRA forecloses judicial review to both those employees "to whom the CSRA *denies* statutory review," as well as extrastatutory review "to those employees to whom the CSRA *grants* administrative and judicial review." *Id.* at 11; *see also Dotson v. Griesa*, 398 F.3d 156, 180 (2d Cir. 2005) ("Congress's intent in fashioning the CSRA is clear: federal employees may seek court review for employment actions as provided in the CSRA *or not at all*." (citation and quotation omitted)).

Plaintiff's claim under the WPA must be dismissed because the CSRA does not create a right of action for alleged retaliation for whistleblowing activities in federal district court. *See* Defs. Br. 6-7. Plaintiff, however, attempts to turn well-established law on its head to bypass the CSRA's "exclusive mechanism through which civil servants can challenge prohibited retaliatory personnel practices." *Ghaly v. U.S. Dep't of Agriculture*, 228 F. Supp. 2d 283, 288 (S.D.N.Y. 2002) (citing *Ugarte v. Johnson*, 40 F. Supp. 2d 178, 181 (S.D.N.Y. 1999)). As set forth in Defendants' opening brief, Plaintiff's claims of retaliation for his alleged whistleblowing must

2

be first raised with OSC, and then appealed, if at all, to the MSPB.  Defs. Br. at 6.  "What is crucial is that the [CSRA] limits an employee aggrieved by a personnel decision to . . . judicial review of decisions of the [MSPB] solely by the Court of Appeals for the Federal Circuit." *Ugarte*, 40 F. Supp. 2d at 181.  Here, Plaintiff does not dispute that he failed to exhaust his administrative remedies.  *See* Plaintiff's Brief ("Pl. Br.") at 4-7.  However, "the issue of exhaustion . . . is irrelevant because, even assuming on this motion that plaintiff had properly exhausted [his] administrative remedies, there would be no judicial remedies available to plaintiff in this court."  *Ugarte*, 40 F. Supp. 2d at 180; *see also Ghaly*, 228 F. Supp. 2d at 288-89 ("Challenges to a final MSPB decision on a claim of violations of the Whistleblower Protection Act of 1989 must be raised before the Court of Appeals for the Federal Circuit, not here.").

Plaintiff's attempt to manufacture federal district court jurisdiction when there is none does not withstand scrutiny.[3]  Contrary to Plaintiff's argument, *see* Pl. Br. at 2, no court has held that the CSRA provides a direct right of action to district court for claims alleging whistleblower retaliation.  Plaintiff's reliance on *Bonds v. Leavitt*, 629 F.3d 369 (4th Cir. 2011), provides no support for his position.  *Bonds* involved a WPA claim mixed with Title VII claims, *i.e.*, claims based on discrimination. 629 F.3d at 378-79.  As Defendants note in their opening brief, *see* Defs. Br. at 7 n.7, a "narrow exception" to the CSRA confers jurisdiction in federal district court for WPA (or other CSRA nondiscrimination) claims "mixed" with claims of discrimination, following exhaustion of the administrative procedures prescribed by the CSRA.  *See Kerr v. Jewell*, 836 F.3d 1048, 1055-57 (9th Cir. 2016) (describing administrative and judicial review

---

[3] Plaintiff inexplicably devotes pages to arguing that he was not a probationary employee.  *See* Pl. Br. at 3, 5-6.  Although Plaintiff has offered no basis for his assertion and his argument is belied by the facts, *see* Chapman Decl. ¶ 4, Plaintiff's probationary status is irrelevant to whether this Court has jurisdiction to hear his claims because it does not alter whether the CSRA provides the exclusive mechanism for challenging the alleged prohibited retaliatory personnel actions.

procedures for WPA claims "mixed" with discrimination claims).  Here, Plaintiff has not brought a mixed case, as he has not made any allegation of discrimination based on race, color, religion, sex, national origin, age, or disability, thus foreclosing district court jurisdiction over his WPA claim.  *See id.* at 1055 (delineating types of discrimination claims).  Although Plaintiff now claims that he brought a discrimination claim, he never states what that purported discrimination claim is.  *See* Pl. Br. at 9 ("Plaintiff raises claims of discriminatory treatment/selective enforcement of him and his family.").  Nor can he, because he has not asserted any such claim.  In any event, as Plaintiff concedes, Plaintiff never raised those claims administratively.

For these reasons, even if Plaintiff had brought a "mixed" case (he did not), because it is undisputed that Plaintiff did not raise these, or any claims, administratively, Plaintiff has failed to exhaust his administrative remedies.  Those exhaustion requirements are jurisdictional.  *See Kerr*, 836 F.3d at 1058; *Stella v. Mineta*, 284 F.3d 135, 144 (D.C. Cir. 2002); Defs. Br. at 7.  Contrary to exhaustion requirements in other contexts, "the statutory scheme under the CSRA and the WPA provide[] the exclusive means for [Plaintiff] to obtain judicial review of [his] WPA claim." *Kerr*, 836 F.3d at 1058.  As the Ninth Circuit makes clear, that "scheme 'allocate[s] initial review to an administrative body'—the MSPB—rather than the district court." *Id.* (citing *Thunder Basin*, 510 U.S. at 207).  Because Congress intended the MSPB to have exclusive original jurisdiction over Plaintiff's WPA claim, Plaintiff's failure to file a complaint with OSC and appeal to the MSPB forecloses jurisdiction in this Court.  *See Kerr*, 836 F.3d at 1058, *Stella*, 284 F.3d at 144; *Ugarte*, 40 F. Supp. 2d at 181.[4]

---

[4] Plaintiff's citation to *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982), is inapposite. *Zipes* held that the statutory time limit for filing Title VII charges is not a jurisdictional prerequisite to suit in district court, and that time limit can be tolled.  As the Ninth Circuit explained, "*Elgin*, however, addresses a different question—whether the statutory scheme precludes district court jurisdiction because it is fairly discernable that Congress intended the

## II.  THE CSRA PRECLUDES PLAINTIFF'S *BIVENS* CLAIMS

The Second Circuit has unquestionably foreclosed Plaintiff's constitutional claims alleging First Amendment violations based on his purported whistleblowing: "the remedial scheme established by the CSRA precludes federal civil service employees from challenging adverse employment decisions through *Bivens* actions for money damages." *Dotson*, 398 F.3d at 168; *see also* Defs. Br. at 12-15.  Plaintiff fails to address the Second Circuit's decision in *Dotson*, *see* Pl. Br. at 8, and asks this Court to carve out an exception for him so that he may proceed on his *Bivens* claim in this Court, claiming that Congress has failed to provide an effective remedy for federal whistleblowers, *see* Pl. Br. at 7-8.  As the Second Circuit has held, however, "it is the overall comprehensiveness of the statutory scheme at issue, not the adequacy of the particular remedies afforded, that counsels judicial caution in implying *Bivens* actions." *Dotson*, 398 F.3d at 166-67 (citing *Schweiker v. Chilicky*, 487 U.S. 412, 421-22 (1988)).  There is no question that the CSRA provides the exclusive remedy for an alleged constitutional violation arising out of federal employment, foreclosing Plaintiff from challenging the adverse employment actions through a *Bivens* action.  *Dotson*, 398 F.3d at 168; *see also Jarvis v. Cardillo*, 98 Civ. 5793 (RWS), 1999 WL 187205, at *8 (S.D.N.Y. Apr. 6, 1999) (dismissing *Bivens* claims for lack of jurisdiction because precluded by the CSRA); Defs. Br. at 13 n.10.[5]

---

statute's review scheme to provide the exclusive avenue to judicial review." *Kerr*, 836 F.3d at 1058 n.7.  Because Congress intended the CSRA to provide the exclusive avenue for judicial review, the requirement to file an appeal with the MSPB is jurisdictional and not subject to tolling or waiver.

[5] Defendants note that certain courts have held that the appropriate basis for dismissal of a First Amendment *Bivens* action in the federal employment context should be premised on failure to state a claim rather than for lack of subject matter jurisdiction.  *Compare Richards v. Kiernan*, 461 F.3d 880, 886 (7th Cir. 2006) (holding *Bivens* claim precluded by CSRA should be dismissed for failure to state a claim) *with Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003) (per curiam) (holding court lacked jurisdiction to resolve merits of employee's *Bivens* claim because CSRA provided exclusive remedy).  Although the Second Circuit did not squarely

## CONCLUSION

For the reasons set forth above and in Defendants' opening brief, the Court should grant Defendants' motion to dismiss this action in its entirety and grant such other and further relief as the Court deems appropriate.

Dated: November 1, 2019
    New York, New York

>                    Respectfully submitted,
>
>                    GEOFFREY S. BERMAN
>                    United States Attorney for the
>                    Southern District of New York
>
> By:   */s/ Danielle J. Levine*
>       DANIELLE J. LEVINE
>       Assistant United States Attorney
>       86 Chambers Street, 3rd Floor
>       New York, New York 10007
>       Tel.: (212) 637-2689
>       E-mail: danielle.levine@usdoj.gov

---

address this issue in *Dotson*, in light of the Supreme Court's subsequent decision in *Elgin*, Defendants respectfully submit that the CSRA's exclusive remedial scheme precludes district court jurisdiction over a federal employee's *Bivens* action challenging an adverse personnel decision as unconstitutional.

*Chinniah v. FERC, et al.*
No. 18-cv-8261 (VSB)

**CERTIFICATE OF SERVICE**

    I, Danielle J. Levine, an Assistant United States Attorney for the Southern District of New York, hereby certify that on November 1, 2019, I caused a copy of (1) Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Amended Complaint; and (2) copies of all cited unpublished decisions, in accordance with Local Civil Rule 7.2, to be served by e-mail and Federal Express overnight delivery, delivery charges pre-paid, upon the following:

        Gnana Chinniah
        506 Erford Road
        Camp Hill, PA 17011
        chinniahg@hotmail.com

Dated: New York, New York
       November 1, 2019

                                 */s/ Danielle J. Levine*
                                 DANIELLE J. LEVINE
                                 Assistant United States Attorney